UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOWER OIL & GAS CO. OF<br>TEXAS, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-3011 |
| BRAMMER ENGINNERING,<br>INC., ET AL. | SECTION: "C" (2) |

### ORDER

This matter comes before the Court on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. (Rec. Doc. 7). Having considered the record, the memoranda of counsel and the law, the motion is denied for the following reasons.

### I. Background

Plaintiffs claim to be 64.867% of the working interest owners ("w.i. owners") of a certain oil and gas lease called CL & F #2, located in Terrebonne Parish, Louisiana. (Rec. Doc. 7-1 at 1). They further claim that Defendant, Brammer Enginnering, Inc. ("Brammer"), is currently operating the well without the proper authorization required by the 1992 Joint Operating Agreement that governs the operation of CL & F #2. *Id.* Moreover, Plaintiffs allege that during a w.i. owners meeting held on August 11, 2010, a majoring of w.i. owners voted to remove Brammer as operator of CL & F #2. Since Brammer has continued to operate CL & F #2, Plaintiffs request this Court to issue a temporary restraining order and preliminary injunction regarding Brammer's continued operation of CL & F #2. *Id.*

Brammer responds that in the course of settling a previous lawsuit, a majority of w.i. owners voted Brammer as the operator of CL & F #2. (Rec. Doc. 16 at 5). In addition, the same settlement agreement included a new Joint Operating Agreement, which was circulated to all w.i. owners in February 2009. *Id.* at 6. In November, 2009, Brammer alleges that it notified all w.i. owners that it was the new operator of CL & F #2 and received no objection at the time. *Id.* Brammer further alleges that by December 15, 2009, it had completed all the necessary paperwork with the State of Louisiana to assume operation of CL & F #2. *Id.* Defendant further argues that Plaintiffs obtained their working interests improperly and in any event are estopped from denying that Brammer is the duly appointed operator of CL & F #2 because of the actions of Plaintiffs' predecessors-in-interest. *Id.* at 7-10.

## II.  Legal Standards and Analysis

Under Rule 65, a preliminary injunction or temporary restraining order is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008).  Here, Plaintiffs have not sufficiently shown that they are entitled to the extraordinary relief sought.

While Plaintiffs maintain that they are the majority w.i. owners of CL & F #2, Brammer has provided ample reason to doubt the clarity of the CL & F #2 ownership interests. After some research this Court has found that this case is the third case filed in the Eastern District of Louisiana

relating to the ownership and operation of CL & F #2. As a result of Plaintiffs' failure to adequately address the question of who actually owns CL & F #2, they have not carried their burden showing a substantial likelihood of success on the merits.

In addition, the Court finds that irreparable harm has not been shown, since all the damages alleged can be calculated and therefore adequately compensated with a monetary award.

This Order is directed only to the appropriateness of a temporary restraining order and preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by the plaintiff.

### III.  Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction is DENIED. (Rec. Doc. 7).

New Orleans, Louisiana, this 9th day of December, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE