UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOWER OIL & GAS CO. OF TEXAS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3011** |
| **BRAMMER ENGINNERING, INC., ET AL.** | **SECTION: "C" (2)** |

### ORDER AND REASONS

Before the Court are the parties' memoranda in response to this Court's August 3, 2011 Order. (Rec. Doc. 89). In that order the Court requested the parties to provide memoranda addressing the question of whether Exxon, PetroQuest and the other sublease owners were necessary parties to this litigation, and if so, whether they could be joined without destroying the diversity jurisdiction of this Court. *Id.* at 4. Having considered the record, the memoranda of counsel and the law, the Court finds that it does not have jurisdiction over this case, because several necessary parties cannot be joined without destroying the diversity jurisdiction of this Court.

### I. Background

The history of this case was described in this Court's previous order. *Id.* at 1-2. The relevant facts for the present order are that Plaintiffs filed a motion for partial summary judgment seeking a declaration that their interests in the CL & F #2 well and lease were not forfeited. (Rec. Doc. 62 at 2). In response to that motion Defendants pointed out that various sublease owners had already obtained the Plaintiffs' interest. (Rec. Doc. 70 at 11). Because these owners were not represented in this action, the Court ordered the parties to address whether those parties needed to be joined to the present action, and if so, whether this Court would still have jurisdiction over the matter. (Rec.

1

Doc. 89 at 4).

Defendants argue that the absent sublease owners are necessary parties because they would be prejudiced by an adverse judgment. (Rec. Doc. 90 at 5). Although the absent parties would not be bound by such a judgment, Defendants argue that such a ruling would create doubt as to the validity of the absent parties' title, thereby reducing the value of their interests. *Id.* at 7. Moreover, Defendants argue that this prejudice cannot be minimized by narrowly tailoring the relief in this case, as Plaintiffs request this Court to find that they did not lose their interest in the sublease, which by necessity would mean that the absent sublease owners did not gain that interest. *Id.* Defendants also argue that a judgment in the absence of the other sublease owners would not be adequate, as such a judgment would not be binding on them, requiring further litigation and the possibility of inconsistent obligations. *Id.* at 8-9. Finally, Defendants argue that if this case was dismissed, Plaintiffs could adequately pursue their claims in state court. *Id.* at 10.

Plaintiffs argue that the absent sublease owners are not necessary parties because they have not sought to intervene in this matter, which demonstrates that their rights will not be affected by this matter. (Rec. Doc. 92 at 13). Furthermore, Plaintiffs argue that the absent sublease owners are not necessary parties because Defendant's arguments are not plausible. *Id.* at 15. Plaintiffs also argue that Defendant could avoid the risk of inconsistent obligations by filing an interpleader counterclaim in this action. *Id* at 16. Finally, Plaintiffs argue that this Court could shape its relief to avoid prejudice to any absent party. *Id.* at 22.

## II.  Law and Analysis

Under Rule 19(a), a party should be joined if:

(A) in the person's absence complete relief cannot be accorded among those already parties; or

>	(B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may:
>>	 (i) as a practical matter impair or impede the person's ability to protect that interest; or
>>	(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

F. R. Civ. P. 19(a)(1).  Here it is clear that under Rule 19, the absent sublease owners should be joined.  The absent sublease owners claim that they are now the rightful holders of Plaintiffs' interest in the CL & F #2 well, and therefore they claim an interest relating to the subject matter of the present action.  Moreover, in the absence of these sublease owners any judgment rendered by this Court would impair or impede their ability to protect that interest.  If the absent sublease owners were diverse from Plaintiffs, then they would have to be joined under Rule 19.  However, some of the sublease owners are also citizens of Texas, and therefore this Court's diversity jurisdiction would be defeated by the joinder of these parties.  (Rec. Docs. 90-1 & 90-2).  As a result this Court must determine whether as a matter of law and equity the present action should be dismissed.  *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997).

>	Rule 19(b) provides that if a party described by Rule 19(a) can not be joined:
>
>	[T]he court shall determine whether in equity and good conscience the action should proceed among the existing parties or should be dismissed. The factors to be considered by the court include:
>>		(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>>		(2) the extent to which any prejudice could be avoided by:
>>>			(A) protective provisions in the judgment;
>>>			(B) shaping the relief; or
>>>			(C) other measures;
>>		(3) whether a judgment rendered in the person's absence will be adequate; and
>>		(4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

F. R. Civ. P. 19(b).  The Court finds the present case similar to *Doty V. St. Mary Parish Land Co.*, 598 F.2d 885 (5th Cir. 1979).  In that case the Fifth Circuit found that a mineral lessee would be

prejudiced by a judgment rendered in its absence, despite the fact that the lessee would not be bound by such a judgment. *Id.* at 887. Specifically the Fifth Circuit held that such a judgment:

> " ...would create doubt as to the validity of its title and probably some confusion about its obligations and rights with respect to the land. As a practical matter, a decision in favor of appellants would reduce the economic value of the lease, injecting an element of uncertainty into all of the lessee's business transactions concerning the lease. Moreover, in a subsequent suit between appellants and the lessee, an unfavorable judgment in the present case would constitute precedent adverse to the lessee's claims."

*Id.* The Court believes that the above analysis applies equally to the present case. Furthermore, the Court does not see how it could tailor its decision to avoid the above prejudice. While Plaintiffs claim that the Court could limit its ruling to the limited question of whether Defendant was authorized to operate the CL & F #2 well, such a decision would indirectly rule on who owns the disputed interest in that well. Specifically, if this Court found that Defendant was not authorized to operate the well, then Defendant would not have had the legal authority to terminate Plaintiffs' interest in that well. Moreover, it was Plaintiffs who requested this Court to rule on who owns the disputed interest in the CL & F #2 well, not Defendants. As a result, it should not be Defendant's responsibility to join the necessary parties through an interpleader counterclaim.

The Court finally notes that the last two factors are not really contested by Plaintiffs. Plaintiffs admit that the absent sublease owners would not be bound by this Court's decision and could therefore litigate the same question before another court. (Rec. Doc. 92 at 18). Nor do Plaintiffs argue that they could not obtain their requested relief in state court. Consequently, the Court finds that proceeding with the present parties would be a wasteful duplication of litigation, as any judgment rendered by this Court would be subject to an additional, and possibly inconsistent, state suit. In contrast, a single suit filed in the appropriate state court could resolve this entire suit without the need for any further litigation. As the Court finds no other equitable reasons to proceed

with the present parties, this Court finds the absent sublease owners to be indispensable parties to this litigation and therefore dismisses the action.

### III.  Conclusion

Accordingly,

IT IS ORDERED that the present action is DISMISSED, with prejudice.  This order shall take effect within 10 days in order to allow Plaintiffs sufficient time to refile this suit in an appropriate state court.

New Orleans, Louisiana, this 26th day of August, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE